## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CATHERINE LOUISE SMITH,

     Plaintiff,

-vs-                          CASE NO.

EQUIFAX INFORMATION SERVICES
LLC, EXPERIAN INFORMATION
SOLUTIONS, INC., TRANS UNION
LLC, and NATIONAL EDUCATION
LOAN NETWORK, INC.

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, CATHERINE LOUISE SMITH (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), and NATIONAL EDUCATION LOAN NETWORK, INC. (hereinafter "NELNET") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.     The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of Polk County, Florida; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation headquartered in the State of Georgia, authorized to conduct business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation headquartered in the State of California, authorized to conduct business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation headquartered in the State of Illinois, authorized to conduct business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     NELNET is a corporation headquartered in the State of Nebraska, authorized to conduct business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

20.     NELNET is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.     NELNET furnished inaccurate information about Plaintiff to the CRAs.

## FACTUAL ALLEGATIONS

22.     Plaintiff is alleged to owe a debt to non-party, National Education Loan Network, Inc. (hereinafter "NELNET"), account number ending in 9983 (hereinafter "NELNET Account #9983"), for a student loan. Plaintiff never applied for or gave permission to anyone to apply using her information for the Nelnet Account #9983.

23.     Plaintiff is alleged to owe a debt to NELNET, account number ending in 0083 (hereinafter "NELNET Account #0083"), for a student loan. Plaintiff never applied for or gave permission to anyone to apply using her information for the NELNET Account #0083.

24.     Plaintiff is alleged to owe a debt to NELNET, account number ending in 0183 (hereinafter "NELNET Account #0183"), for a student loan. Plaintiff never applied for or gave permission to anyone to apply using her information for the NELNET Account #0183.

25.     In or about June 2023, Plaintiff was monitoring her credit report online and became aware of the three aforementioned student loan accounts with NELNET.

26.     Shortly thereafter, Plaintiff began to communicate and dispute the fraudulent NELNET accounts with Equifax.

27.    Plaintiff received a letter from Equifax advising her dispute results were ready, but Plaintiff was unable to access her account. Plaintiff called Equifax for her dispute results and was advised that the accounts were verified as accurate.

28.    Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, NELNET.

29.    Equifax never attempted to contact Plaintiff during the alleged investigation.

30.    Upon information and belief, Equifax notified NELNET of Plaintiff's dispute. However, NELNET failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

31.    In or about July 2023, Plaintiff disputed the erroneous NELNET accounts with TransUnion and added a Security Freeze to her credit report:

**Security Alert**

Initial Fraud Alert: Action may be required under FCRA before opening or modifying an account. Contact consumer at (863) 245-5179. (Note: This alert is set to expire in 08/2024.)

**Security Freeze**

Our records indicate that you have placed a credit freeze / security freeze or a lock on your TransUnion credit file. The credit information on this page has been delivered to you under the applicable exemption provisions: Providing a consumer with a copy of the consumer's credit report upon the consumer's request.

32.    In or about September 2023, Plaintiff again contacted Equifax, Experian, and Trans Union to dispute the NELNET student loan accounts. Plaintiff explained she was a victim of identity theft and the accounts were not hers.

33.    On or about September 28, 2023, Equifax responded to Plaintiff's dispute and stated all three NELNET accounts were verified as accurate.

34.   Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, NELNET.

35.   Equifax never attempted to contact Plaintiff during the alleged investigation.

36.   Upon information and belief, Equifax notified NELNET of Plaintiff's dispute. However, NELNET failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

37.   On or about September 28, 2023, Experian responded to Plaintiff's dispute and stated all three NELNET accounts were verified as accurate.

38.   Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, NELNET.

39.   Experian never attempted to contact Plaintiff during the alleged investigation.

40.   Upon information and belief, Experian notified NELNET of Plaintiff's dispute. However, NELNET failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

41.   On or about September 29, 2023, Trans Union responded to Plaintiff's dispute and stated all three NELNET accounts were verified as accurate.

42.   Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, NELNET.

43.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

44.     Upon information and belief, Trans Union notified NELNET of Plaintiff's dispute. However, NELNET failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

45.     On or about October 9, 2023, Plaintiff obtained copies of her credit reports and upon review observed the following erroneous accounts continued to be reported to her credit file:

      i.     NELNET Account #9893 with a balance of $18,671;

      ii.     NELNET Account #0083 with a balance of $10,199; and

      iii.     NELNET Account #0183 with a balance of $8,790.

Such reporting negatively affected Plaintiff's debt-to-income ratio.

46.     In response to the continued inaccurate reporting, on or about October 28, 2023, Plaintiff mailed detailed written dispute letters to Equifax, Experian, and Trans Union. Plaintiff explained she was a victim of identity theft and explained the three NELNET Accounts did not belong to her. In the letter, Plaintiff included an image of her Social Security card to confirm her identity. Plaintiff also included images of the erroneous reporting, a copy of her Borrower Affidavit of Forgery of an Education Loan Note, a copy the case number for her police report filed with the Lakeland Police Department, and other supporting documents.

8

47.     Plaintiff mailed her detailed written dispute letter to via USPS Certified Mail to Equifax (7022 0410 0002 8817 0819), Experian (7022 0410 0002 8817 0796), and Trans Union (7022 0410 0002 8817 0802).

48.     Plaintiff has confirmation that her written dispute letter to Equifax was delivered on November 1, 2023, but as of the filing of this Complaint, Plaintiff has not received a response from Equifax.

49.     Plaintiff has confirmation that her written dispute letter to Experian was delivered on October 31, 2023, but as of the filing of this Complaint, Plaintiff has not received a response from Experian.

50.     Plaintiff has confirmation that her written dispute letter to Trans Union was delivered on November 10, 2023, but as of the filing of this Complaint, Plaintiff has not received a response from Trans Union.

51.     Upon information and belief, the CRAs notified NELNET of Plaintiff's dispute.

52.     Defendants have never attempted to contact Plaintiff about her disputes and refused to conduct a meaningful and thorough investigation into her disputes as it is required to by law or otherwise make her credit file accurate.

53.     Despite Plaintiff's best efforts to have the fraudulent accounts corrected, Defendants continue to report the fraudulent accounts on Plaintiff's credit report. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

54.     Defendants simply continue to parrot off the back of NELNET and have not conducted an actual investigation despite Plaintiff's pleas.

55.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

56.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions and/or inactions;

    iv.    Apprehensiveness to apply for credit due to the fear of rejection; and;

    v.    Defamation as Defendants published Plaintiff's inaccurate information to third parties.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

57.     Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

58.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

59.     Equifax allowed for a Furnisher to report inaccurate information on an account.

60.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

61.     As a direct result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

62.     Equifax violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Lakeland Police Department police report, which contained sworn testimony of the fraud.

63.     The conduct, action, and inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

64.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CATHERINE LOUISE SMITH, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT II
### Violation of 15 U.S.C § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

65.     Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

66.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

67.     Equifax allowed for a Furnisher to report inaccurate information on an account.

68.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

69.     As a direct result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional

pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

70.    Equifax violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Lakeland Police Department police report, which contained sworn testimony of the fraud.

71.    The conduct, action, and inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

72.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CATHERINE LOUISE SMITH, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT III
### Violation of 15 U.S.C § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

73.    Plaintiff re-alleges and reincorporates paragraphs (1) through fifty-six (56) above as if fully stated herein.

74.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete and/or correct inaccurate information in Plaintiff's credit

file after receiving notice of such inaccuracies; (2) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, (4) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (5) relying upon verification from a source it has to know is unreliable.

75.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, NELNET.

76.    As a direct result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

77.    The conduct, action, and inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

78.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CATHERINE LOUISE SMITH, respectfully requests that this Court award actual damages against Defendant, EQUIFAX

INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
### Violation of 15 U.S.C § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

79.    Plaintiff re-alleges and reincorporates paragraphs (1) through fifty-six (56) above as if fully stated herein.

80.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete and/or correct inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, (4) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (5) relying upon verification from a source it has to know is unreliable.

81.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, NELNET.

82.    As a direct result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to

benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

83.    The conduct, action, and inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

84.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CATHERINE LOUISE SMITH, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT V
### Violation of 15 U.S.C § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

85.    Plaintiff re-alleges and reincorporates paragraphs (1) through fifty-six (56) above as if fully stated herein.

86.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

16

87.    Experian allowed for a Furnisher to report inaccurate information on an account.

88.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

89.    As a direct result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

90.    Experian violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Lakeland Police Department police report, which contained sworn testimony of the fraud.

91.    The conduct, action, and inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

92.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CATHERINE LOUISE SMITH, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her

attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

93.   Plaintiff re-alleges and reincorporates paragraphs (1) through fifty-six (56) above as if fully stated herein.

94.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

95.   Experian allowed for a Furnisher to report inaccurate information on an account.

96.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

97.   As a direct result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

98.     Experian violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Lakeland Police Department police report, which contained sworn testimony of the fraud.

99.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

100.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CATHERINE LOUISE SMITH, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT VII**
**Violation of 15 U.S.C § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

101.    Plaintiff re-alleges and reincorporates paragraphs (1) through fifty-six (56) above as if fully stated herein.

102.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete and/or correct inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (3) failing to maintain

reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, (4) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (5) relying upon verification from a source it has to know is unreliable.

103.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, NELNET.

104.   As a direct result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

105.   The conduct, action, and inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

106.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CATHERINE LOUISE SMITH, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her

attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VIII
## Violation of 15 U.S.C § 1681i as to
## Defendant, Experian Information Solutions, Inc. (Willful)

107.    Plaintiff re-alleges and reincorporates paragraphs (1) through fifty-six (56) above as if fully stated herein.

108.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete and/or correct inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, (4) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (5) relying upon verification from a source it has to know is unreliable.

109.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, NELNET.

110.    As a direct result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional

pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

111.    The conduct, action, and inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

112.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CATHERINE LOUISE SMITH, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IX
### Violation of 15 U.S.C § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

113.    Plaintiff re-alleges and reincorporates paragraphs (1) through fifty-six (56) above as if fully stated herein.

114.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

22

115.   Trans Union allowed for a Furnisher to report inaccurate information on an account.

116.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

117.   As a direct result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

118.   Trans Union violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Lakeland Police Department police report, which contained sworn testimony of the fraud.

119.   The conduct, action, and inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

120.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CATHERINE LOUISE SMITH, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-

judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT X
### Violation of 15 U.S.C § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

121.   Plaintiff re-alleges and reincorporates paragraphs (1) through fifty-six (56)  above as if fully stated herein.

122.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

123.   Trans Union allowed for a Furnisher to report inaccurate information on an account.

124.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

125.   As a direct result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

126.    Trans Union violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Lakeland Police Department police report, which contained sworn testimony of the fraud.

127.    The conduct, action, and inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

128.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CATHERINE LOUISE SMITH, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XI
### Violation of 15 U.S.C § 1681i as to
### Defendant, Trans Union LLC (Negligent)

129.    Plaintiff re-alleges and reincorporates paragraphs (1) through fifty-six (56)  above as if fully stated herein.

130.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete and/or correct inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in

Plaintiff's credit file, (4) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (5) relying upon verification from a source it has to know is unreliable.

131.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, NELNET.

132.   As a direct result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

133.   The conduct, action, and inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

134.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CATHERINE LOUISE SMITH, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XII
### Violation of 15 U.S.C § 1681i as to
### Defendant, Trans Union LLC (Willful)

135.   Plaintiff re-alleges and reincorporates paragraphs (1) through fifty-six (56) above as if fully stated herein.

136.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete and/or correct inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, (4) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (5) relying upon verification from a source it has to know is unreliable.

137.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, NELNET.

138.   As a direct result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

139. The conduct, action, and inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

140. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CATHERINE LOUISE SMITH, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XIII
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, National Education Loan Network, Inc. (Negligent)

1. Plaintiff re-alleges and reincorporates paragraphs (1) through fifty-six (56) above as if fully stated herein.

2. NELNET furnished inaccurate information about Plaintiff to the CRAs, and through those companies, to all of Plaintiff's potential lenders.

3. After receiving Plaintiff's disputes, NELNET violated 15 U.S.C. § 1681s-2(b) by: (1) failing to fully and properly investigate Plaintiff's disputes; (2) failing to properly review all relevant information and its own file with regard to Plaintiff's disputes; (3) failing to properly report the results of all investigations to the credit reporting agencies to which it furnished information about Plaintiff;

and/or (4) failing to promptly delete, modify, and/or permanently block the inaccurate information in Plaintiff's credit file.

4.     Plaintiff provided all the relevant information and documents necessary for NELNET to have identified that the account did not belong to Plaintiff.

5.     NELNET did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to NELNET by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

6.     NELNET violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs, after it had been notified that the information it was furnishing was inaccurate.

7.     As a direct result of this conduct, action and/or inaction of NELNET, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

8.     The conduct, action, and inaction of NELNET was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

9.     Plaintiff is entitled to recover costs and attorney's fees from NELNET in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CATHERINE LOUISE SMITH, respectfully requests that this Court award actual damages against Defendant, NATIONAL EDUCATION LOAN NETWORK, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT XIV**
**Violation of 15 U.S.C § 1681s-2(b) as to**
**Defendant, National Education Loan Network, Inc. (Willful)**

10.     Plaintiff re-alleges and reincorporates paragraphs (1) through fifty-six (56) above as if fully stated herein.

11.     NELNET furnished inaccurate information about Plaintiff to the CRAs, and through those companies, to all of Plaintiff's potential lenders.

12.     After receiving Plaintiff's disputes, NELNET violated 15 U.S.C. § 1681s-2(b) by: (1) failing to fully and properly investigate Plaintiff's disputes; (2) failing to properly review all relevant information and its own file with regard to Plaintiff's disputes; (3) failing to properly report the results of all investigations to the credit reporting agencies to which it furnished information about Plaintiff;

and/or (4) failing to promptly delete, modify, and/or permanently block the inaccurate information in Plaintiff's credit file.

13.     Plaintiff provided all the relevant information and documents necessary for NELNET to have identified that the account did not belong to Plaintiff.

14.     NELNET did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to NELNET by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

15.     NELNET violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

16.     As a direct result of this conduct, action and/or inaction of NELNET, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

17.     The conduct, action, and inaction of NELNET was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

18.     Plaintiff is entitled to recover costs and attorney's fees from NELNET in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CATHERINE LOUISE SMITH, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, NATIONAL EDUCATION LOAN NETWORK, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CATHERINE LOUISE SMITH, respectfully requests judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and NATIONAL EDUCATION LOAN NETWORK, INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 27th day of November 2023.

Respectfully Submitted,

**/s/ *Christopher Legg***
Christopher W. Legg, Esq.
Florida Bar #: 0044460
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Office: 813-299-8537
Facsimile: 844-951-3933
Primary Email:
Chris@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

**/s/ *Frank H. Kerney, III, Esq.***
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorneys for Plaintiff*